# United States Court of Appeals for the Federal Circuit

---

**STOCKTON EAST WATER DISTRICT,
CENTRAL SAN JOAQUIN WATER
CONSERVATION DISTRICT, AND
CALIFORNIA WATER SERVICE COMPANY,**
*Plaintiffs-Appellants,*

**and**

**SAN JOAQUIN COUNTY,
AND STOCKTON CITY,**
*Plaintiffs,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2007-5142

---

Appeal from the United States Court of Federal Claims in 04-CV-541, Judge Christine O.C. Miller.

---

ON PETITION FOR PANEL REHEARING

---

KATHRYN E. KOVACS, Attorney, Appellate Section, Environment & Natural Resources Division, United States Department of Justice, of Washington, DC, filed a

combined petition for panel rehearing and rehearing en banc for defendant-appellee. With her on the petition were JOHN C. CRUDEN, Acting Assistant Attorney General, and KATHERINE J. BARTON, Attorney.

JENNIFER L. SPALETTA, Herum Crabtree Brown, of Stockton, California, filed a response to the combined petition for plaintiffs-appellants. With her on the response were JEANNE M. ZOLEZZI and NATALIE M. WEBER. Of counsel on the response were ROGER J. MARZULLA and NANCIE E. MARZULLA, Marzulla Law, of Washington, DC.

———————————

Before NEWMAN, PLAGER, and GAJARSA, *Circuit Judges*.

Order for the court filed by *Circuit Judge* PLAGER. Dissent filed by *Circuit Judge* GAJARSA.

PLAGER, *Circuit Judge*.

———————————

## ORDER

## I. BACKGROUND

This case began in 1993 when the plaintiff water districts (Districts) sued the United States (Government) in federal district court. The suit claimed that the Government had failed to provide the Districts with the water, which the Government had contracted to supply. The case eventually was transferred to the Court of Federal Claims where, in 2007, that court, in an exhaustive 85-page opinion following an eight day trial, gave judgment in favor of defendant United States. On appeal, because of the complexity of the contractual provisions and the factual record of performance (or lack thereof) by the

parties, we undertook a thorough review of the record and the trial court's many rulings. Adding to the complexities of the case were the changes in state and federal laws and regulations that had occurred and that had implications for the rights of the parties.

As a result of our review, we concluded that the Districts and the United States had binding contracts regarding the water supplies at issue, and that, as the trial court had determined, the contracts were breached by the United States in certain respects. Unlike the trial court, however, we concluded that the defenses the United States presented did not, as a matter of law, provide the Government with the total absolution of liability it sought, and reversed that part of the trial court's judgment; we vacated the trial court's judgment relating to a non-litigated takings claim; and we remanded the dispute to the trial court for a determination of damages for the specific contract breaches we upheld. *Stockton East Water District v. United States*, 583 F.3d 1344 (Fed. Cir. 2009).

The Government now petitions for rehearing on the ground that, after this court had determined that the trial court erred in its judgment regarding the Government's defenses, the court should have remanded the entire case for further hearings and submission of additional evidence. A sufficient answer to the petition might have been that litigants cannot expect to re-try the facts of a case once a trial is concluded. However, in the interest of justice and again because of the complexity of the issues, we have granted the Government's petition for rehearing, and have reconsidered our original decision.

## II. DISCUSSION

The basic issue in the case is whether the Government, in the management of the water supply under contract, breached the contracts by failing to provide the quantities of water promised to the plaintiff water districts, and whether the Government has a valid defense excusing the breach. The trial judge's examination of the facts could not have been more detailed, and its opinion more thorough. There is no denying that the quantities of water promised were not delivered, and that therefore a breach occurred. This is beyond dispute—the evidence is conclusive; the trial court so held; and this court affirmed that finding. *Id.* at 1357. We also concluded that of the three defense theories that the Government presented to absolve it of liability for the breaches, two--the 'sovereign acts' defense and the 'inherency' defense--were inapplicable on the facts.

With regard to the third defense—the contract defense under Article 9(a), a defense keyed to drought conditions in the environment—the question was whether there was a sufficient factual basis in the record to sustain that defense as to the several years in dispute. The parties stipulated at trial to the determinative water facts, which were presented in a table that explained the exact water allocation. *See id.* at 1370. Because of the uncontroverted facts, this court for two of the years at issue (1994 and 1995) sustained the judgment of the trial court that the Government had proved its case under the defense provided in the contract under Article 9(a). For the other years (1999-2004), we concluded that the Government had failed to make its case under the terms of this defense, the only applicable defense it had.

The Government in its petition for rehearing argues that had it appreciated fully the burden the law imposes on a party claiming a contract defense such as that under Article 9(a), it would have introduced more evidence regarding the conditions at the facility, and in particular Reclamation's decisions regarding operation of the water resource. In response to the Government's petition, we have re-reviewed the history of the case and re-considered the record the parties made before the trial court. Our further review leaves us fully satisfied that there was no absence of evidence introduced by both sides on the critical questions on which the case turns—what were the conditions that caused the breach, was there a shortage of water in any of the years at issue, caused by drought or otherwise, and ultimately who got what water and when.

Even assuming the Government was confused as to exactly who had to prove what, and that it might have called additional witnesses had it thought it helpful, the evidence on the key disputed issue is fully developed in the record. There is ample precedent that, under circumstances such as this, the appellate court may apply the appropriate burdens to the facts and determine the proper outcome. For example, in *Brunswick Bank & Trust Company v. United States*, 707 F.2d 1355 (Fed. Cir. 1983), this court dealt with a similar situation. In that case, the trial court had erroneously imposed on the plaintiff bank the burden of proving that the bank had operated reasonably, when the burden properly should have been the Government's to prove negligence. Rather than remand for further hearings by the trial court, this court, having a full factual record before it, applied the correct burden to the facts and in the interest of efficient judicial administration decided the case accordingly.

More importantly, the witnesses the Government now wants to produce would not help the Government's cause. According to the Government's petition, the witnesses on the Government's pre-trial witness list who were not called would now testify to "Reclamation's water supply operations and 'decisions regarding quantities of water available to deliver to Plaintiffs'" (C. Bowling and J. Davis); to "water supply forecasting" (P. Fujitani); to "Reclamation's long-term planning models" (D. Hilts); to "Reclamation's water supply planning, modeling, forecasting …(P. Manza); "Reclamation's operational decision-making and the factors that influence those decisions,…" (L. Peterson), and so on. *See* Government Pet. at 9.

But all of that misses the point. None of these witnesses address the only issue relevant to the Government's defense under the contract provisions as this court has construed them. Perhaps if the question being addressed is whether the Government operated the water supply 'reasonably,' the witnesses the Government now wants to have testify might have something relevant to say. But this court's construction of the contract, which the Government does not here contest,[1] makes such operational issues irrelevant. It would seem that under the guise of claiming additional evidentiary needs the Government is actually trying to reargue the defenses that we have held unavailable to it.

As we explained in our opinion, the issue under the Article 9(a) defense is not the reasonableness of the Government's operation of the water resources, or its careful (or not) planning thereof; as this court noted in its opinion, a 'reasonable' breach of a contract is still a

---

[1]    *See* Government Br. at 1 n.1 ("[W]e seek rehearing only to correct this one error [the absence of a remand].").

breach. *Id.* at 1365. The only relevant issue regarding the Government's defense under the drought-type provision of Article 9(a) relates to the availability of the water and to whom it was allocated. As we explained in our opinion, that is a question of available water supplies, not operational decisions.

### III. CONCLUSION

For all these reasons, the Government's arguments for why it should have another bite at the apple are unpersuasive. No valid basis exists for imposing a further delay in vindicating the rights of the non-breaching Districts in this case. The issue is whether, as a matter of justice and efficient use of judicial resources, further evidentiary wrangling over liability is necessary or appropriate. We think not.

The Government's petition for rehearing is granted for the limited purpose of providing this further explanation as to why no remand for additional taking of evidence regarding liability is warranted; the petition is otherwise denied. The original remand as previously ordered, for the purpose of damages determination, is affirmed. On remand, the trial court of course is at liberty to fashion an appropriate record for the damages phase of the case, which to the extent feasible should be expedited.

IT IS SO ORDERED

<u>March 18, 2011</u>
        Date

# United States Court of Appeals
# for the Federal Circuit

---

**STOCKTON EAST WATER DISTRICT,** AND
**CENTRAL SAN JOAQUIN WATER
CONSERVATION DISTRICT,**
*Plaintiffs-Appellants,*

**And**

**SAN JOAQUIN COUNTY, STOCKTON CITY,**
AND **CALIFORNIA WATER SERVICE COMPANY,**
*Plaintiffs,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2007-5142

---

Appeal from the United States Court of Federal Claims in Case No. 04-CV-541, Judge Christine O.C. Miller.

---

GAJARSA, *Circuit Judge*, dissenting.

Because the Order does not correct the myriad of errors flowing throughout the panel decision, reported at 583 F.3d 1344, I respectfully dissent.

The United States failed to file an appropriate petition for rehearing or rehearing en banc pointing out the

many erroneous courses taken by the panel in reaching its conclusion. Specifically, although the United States did submit a petition for rehearing and rehearing en banc, the petition only requested a remand to establish additional facts. Petition at 12.

First, the United States should have challenged the majority's conclusion that a party to a contract with the United States, having failed to establish damages in a contract action, may proceed with a Fifth Amendment takings action. *See Castle v. United States*, 301 F.3d 1328, 1342 (Fed. Cir. 2002). Second, the United States should have challenged the majority opinion for its shifting sands conflation of the impossibility defense and the sovereign acts defense. I believe these defenses to be distinct; their conflation demands correction. *See Klamath Irr. Dist. v. United States*, 75 Fed. Cl. 677, 691-95 (2007) (Allegra, J.), *vacated*, --- F.3d ---, 2011 WL 537853 (Fed. Cir. 2011).